J-S37022-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                 :           PENNSYLVANIA
                                 :

          v.                 :
                                 :
                               :

LUIS GUIL ZAYAS CINTRON        :
                               :

          Appellant      :     No. 342 EDA 2025

Appeal from the PCRA Order Entered December 12, 2024
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0004353-2010

BEFORE:   DUBOW, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:        **FILED JANUARY 30, 2026**

     Luis Guil Zayas Cintron appeals from the order denying his first petition

filed pursuant to the Post Conviction Relief Act.  42 Pa.C.S.A. §§ 9541-46.

Counsel has filed a motion to withdraw and an accompanying **Anders** brief.[1]

---

[*] Former Justice specially assigned to the Superior Court.

[1] As this appeal is from the denial of post-conviction relief, counsel was required to comply with the less restrictive procedural requirements of **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  However, counsel filed a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), which applies to requests to withdraw from a defendant's direct appeal.  Because an **Anders** brief provides greater protection to a defendant, this Court may accept an **Anders** brief in lieu of a **Turner**/**Finley** letter.  **Commonwealth v. Fusselman**, 866 A.2d 1109, 1111 n.3 (Pa. Super. 2004).  Thus, we will consider counsel's petition to withdraw under the **Turner**/**Finley** standards.

For the reasons that follow, we affirm the denial of post-conviction relief and grant counsel's motion to withdraw.

The pertinent facts and procedural history are as follows. On November 10, 2011, Cintron entered a negotiated guilty plea for a firearm violation in exchange for a sentence of 4 to 8 years of imprisonment, to run consecutive to his 23-year, 4 month to 50-year sentence imposed at CP-15-0001712-2010.[2] Cintron filed neither a post-sentence motion nor a direct appeal.

On March 14, 2024, Cintron filed a *pro se* "Motion to Correct Illegal Sentence Merger Issue." Treating this filing as Cintron's first PCRA petition, the PCRA court appointed counsel.[3] On October 28, 2024, PCRA counsel filed a no-merit letter pursuant to **Turner/Finley**, **supra**, in which counsel opined that Cintron's PCRA petition was untimely and Cintron did not plead and prove a time-bar exception.

On November 20, 2024, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Cintron's petition as untimely filed. Cintron did not file

_____

[2] At that docket, a jury convicted Cintron of attempted murder and related charges. The firearm violation involved in this appeal was severed from those charges.

[3] Because Cintron's illegal sentence claim is cognizable under the PCRA, the court properly treated Cintron's 2024 filing as a serial PCRA petition. **See Commonwealth v. Barndt**, 74 A.3d 185, 190 n.7 (Pa. Super. 2013) (explaining that, if the claim is cognizable under the PCRA, a post-conviction motion or petition may be treated as a PCRA petition regardless of the title of the document filed).

a timely response. By order entered December 12, 2024, the PCRA court, noting that Cintron filed no response, dismissed Cintron's petition. Thereafter, Cintron filed a response in which he stated that he had not received either the Rule 907 notice or the dismissal order in a timely manner. Thus, on January 17, 2025, the PCRA court entered an order treating Cintron's *pro se* Rule 907 response as a timely-filed notice of appeal pursuant to the prisoner mailbox rule. ***See generally***, ***Commonwealth v. Jones***, 700 A.2d 423 (Pa. 1997).[4] The PCRA court did not require Appellate Rule 1925 compliance.

Before we address the merits of the issues Cintron wished to raise on appeal, however, we must first determine whether PCRA counsel's filing complies with the procedural requirements of ***Turner*** and ***Finley***. A ***Turner***/***Finley*** "no merit" letter must: (1) detail the nature and extent of counsel's review of the case; (2) list each issue the petitioner wishes to have reviewed; and (3) explain counsel's reasoning for concluding that the petitioner's issues are meritless. ***Commonwealth v. Knecht***, 219 A.3d 689, 691 (Pa. Super. 2019) (citation omitted). "Counsel must also send a copy of the [letter] to the petitioner, along with a copy of the petition to withdraw, and inform the petitioner of the right to proceed *pro se* or to retain new

---

[4] For this reason, we reject the Commonwealth's argument that this appeal should be quashed as untimely. ***See*** Commonwealth's Brief at 4-6.

counsel. ***Id.*** If these requirements are met, "we then conduct an independent review of the petitioner's issues." ***Id.***

Here, PCRA counsel has substantially complied with the ***Turner***/***Finley*** requirements. PCRA counsel included a copy of a letter he addressed to Cintron in which counsel referred to his previous communication with Cintron, which explained that the PCRA court lacked jurisdiction over his untimely PCRA petition. In this letter, counsel also noted that he had previously served Cintron with the ***Anders*** brief. Counsel further explained to Cintron his right to retain private counsel or proceed *pro se*. Given PCRA counsel's compliance, we must now determine if counsel's assessment of Cintron's appeal is supported by the record.

The timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met.

The three narrow statutory exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." ***Commonwealth v. Brandon***, 51 A.3d 231, 233-34 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)). In addition, exceptions to the PCRA's time bar must be pled in the petition and may not be raised for the first time

on appeal. ***Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa. Super. 2007); ***see also*** Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal). Moreover, a PCRA petition invoking one of these statutory exceptions must be filed within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

Finally, if a PCRA petition is untimely, and the petitioner has not pled and proven an exception, "neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." ***Commonwealth v. Derrickson***, 923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted).

Here, Cintron's judgment of sentence became final on December 12, 2011, thirty days after the time for filing an appeal to this Court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3).[5] Therefore, Cintron had until December 11, 2012 to file a timely petition. Because Cintron filed the petition at issue over ten years later, it is patently untimely, unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. ***See Hernandez***, ***supra***.

---

[5] Because the thirtieth day fell on a Saturday, Cintron had until the following Monday to file a timely petition. ***See*** 1 Pa.C.S.A. § 1908 (relating to computation of time).

In his 2024 petition, Cintron failed to plead let alone prove an exception to the PCRA's time bar; our review of the record supports PCRA counsel's opinion that none would apply.[6]  Moreover, although illegal sentencing issues cannot be waived, they still must be presented in a timely PCRA petition. **Commonwealth v. Miller**, 102 A.3d 988, 995 (Pa. Super. 2014).  Thus, even when a sentence is illegal, if a petitioner does not challenge it in a timely fashion, the illegal sentence stands.  Because Cintron's petition was untimely, this Court lacks jurisdiction to consider its merits.  **Derrickson**, **supra**; **see also Commonwealth v. Wharton**, 886 A.2d 1120, 1125 (Pa. 2005) (involving court's refusal to consider PCRA claim when the petitioner failed to

_____

[6] Cintron has filed a *pro se* responsive brief to counsel's motion to withdraw and **Anders** brief.  In this brief, he does not plead or prove a time-bar exception.  Rather, Cintron asserts that PCRA counsel failed to comply with the withdrawal requirements because counsel did not raise "additional arguments that [Cintron] considers worthy of [this Court's] attention." Cintron's Brief at 7.  Specifically, Cintron faults counsel for not "challenging the PCRA time bar requirements as unconstitutionally applied to [his] case" and for "failing to brief that the conviction for the charge of crime committed with a firearm should not stand pursuant to 18 Pa.C.S.A. § 6103." **Id.** (italics omitted).

Cintron's claims are specious.  As noted, neither the PCRA court nor this Court has jurisdiction to consider claims, even constitutional claims, if raised in an untimely petition.  **Derrickson**, **supra**; **see also Commonwealth v. Keys**, 328 A.3d 1141, 1146 (Pa. Super. 2024) (explaining to "embark on substantive review on [the appellant's] as-applied constitutional challenge to the time-bar, without satisfaction of [the appellant's] burden to plead and prove the applicability of a statutory time-bar exception, would improperly permit the establishment of an equitable exception to the time-bar").  Additionally, we note that Cintron pled guilty to a Section 6105 firearms violation rather than a Section 6103 charge.

acknowledge that the petition was untimely, "much less attempt to raise one of the enumerated exceptions to the time bar"). We therefore affirm the PCRA court's order dismissing Cintron's first petition, and grant PCRA counsel's motion to withdraw.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/30/2026